UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $50,203.00 IN U.S. CURRENCY, | § | |
| Defendant, | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture against $50,203.00 in United States currency, Defendant in rem, and alleges the following on information and belief.

*Nature of the Action*

1. This is an action to forfeit Defendant in rem to the United States pursuant to 31 U.S.C. §§ 5317(c)(2) and 5332(c) which provides for the civil forfeiture of any property involved in violations of 31 U.S.C. §§ 5316 and §5332(a).

*Defendant in Rem*

2. Defendant in rem consist of approximately $50,203.00 in United States currency that was seized from Micheli Miceli on April 12, 2010, at the Bush Intercontinental Airport, Houston, Texas.

Page 1 of 5

*Jurisdiction and Venue*

3. This Court has jurisdiction pursuant to 28 U.S.C. §1355(a) because this is an action for forfeiture.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395(a) and (b) because:

   a) the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas;

   b) the property was found and is located in the Southern District of Texas; and

   c) this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

First Basis for Forfeiture

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5332(c) which provides for the civil forfeiture of any property involved in a violation of 31 U.S.C. § 5332(a). Section 5332(a) of 31 U.S.C. provides that:

> Whoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense. . . .

6. Any property involved in this violation and any property traceable to such violation or conspiracy may be seized and forfeited to the United States under 31 U.S.C. §5332(c).

## Second Basis for Forfeiture

7. The Defendant in rem is subject to forfeiture under 31 U.S.C. § 5317(c)(2), which provides for the civil forfeiture of any property involved in violations of 31 U.S.C. § 5316. Under 31 U.S.C. § 5316(a)(1)(B), a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time to a place in the United States from or through a place outside the United States. Any property involved in a violation of 31 U.S.C. §5316 is subject to civil forfeiture under 31 U.S.C. §5317(c)(2).

*Facts*

8. On April 12, 2010, Micheli Miceli arrived into the United States at the Bush Intercontinental Airport, Houston, Texas, on Continental Airlines flight 52 from Buenos Aires, Argentina. Mr. Miceli stated on his Customs Declaration form that he was not carrying more than $10,000.00. While he was being processed through the Transportation Security Administration (TSA) checkpoint in the Federal

Inspection Service area, TSA officials inspected Mr. Miceli's luggage with an x-ray machine. They discovered that Mr. Miceli was carrying $40,000.00 concealed in a gift wrapped candle box. Also, they discovered that Mr. Miceli was carrying an additional $10,000 in his jacket pocket which was sewn shut. Custom and Border Protection Officers (CBP Officers) responded to this discovery and seized the funds for forfeiture. CBP Officers also found an additional $203.00 which was seized for forfeiture.

9. Mr. Miceli stated that his mother had sewn shut the inside jacket pocket so that the $10,000 would not fall out. He gift wrapped $40,00.00 inside a candle box to conceal the money as a gift. Also, he said that he was aware of the reporting requirements.

10. Under all of the circumstances, there is reason to believe that the Defendant in rem is subject to forfeiture to the United States under 31 U.S.C. §§ 5317(c)(2) and 5332(c).

*Relief Requested*

11. Plaintiff requests a) an arrest warrant and summons, citing all persons having an interest in the Defendant in rem to appear on the return day of process by filing a claim and answer pursuant to Rule G(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, b) a judgment of forfeiture to the

United States against the Defendant in rem; and c) costs and other relief to which the Plaintiff may be entitled.

Date:  April 26, 2010.

        Respectfully submitted,

        José Angel Moreno
        United States Attorney

        By: /s/ Albert Ratliff
        Albert Ratliff
        Attorney-in-Charge
        NY Bar No. 1073907
        SDTX Bar No. 6764
        Assistant United States Attorney
        United States Attorney's Office
        P. O. Box 61129, Houston, Texas  77208
        E-mail albert.ratliff@usdoj.gov
        Office (713) 567-9579; Fax (713) 718-3300

## VERIFICATION

I, Kathy E. Ransbury, Senior Special Agent, United States Immigration and Customs Enforcement, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief.

Executed on April 26, 2010.

        Kathy E. Ransbury, Senior Special Agent
        United States Immigration and Customs Enforcement