United States Bankruptcy Court
Southern District of Texas
FILED
JUN 0 8 2010
David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 4:10-CV-01378 |
| | : | |
| vs. | : | |
| | : | |
| $50,203.00 IN U.S. CURRENCY | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CLAIMANT'S AMSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S VERIFIED COMPLAINT**

Mr. Micheli Miceli ("Claimant"), by and through his attorney of record, file this Answer and Affirmative Defenses to Plaintiff's Verified Complaint for Forfeiture in Rem and respectfully state:

1. Claimant admits this is an action to forfeit property to the United Sates pursuant to 31 U.S.C. § 5317(c)(2), but denies that Plaintiff is entitled to any relief on those claims.

2. The allegation in paragraph 2 of the Verified Complaint, identifying $50,300.00 as a Defendant in rem, is admitted.

3. The allegations in paragraph 3 and 4 of the Complaint as to jurisdiction and venue are legal conclusions and are denied.

4. Claimant denies the first sentence of paragraph 5 alleging that the Defendant in rem $50,300.00 is subject to forfeiture.

5. Claimant denies the allegations of paragraphs 6 and 7.

6. Claimant has no knowledge as to the TSA officials' actions and/or investigations and therefore the allegations in paragraph 8 of the Complaint are denied.

7. The allegations in the 9th paragraph of the Complaint are denied in as much as they deal with intent of the Claimant.

8. The allegations in paragraph 10 are legal in nature and therefore denied.

9. Claimant denies that the Plaintiff is entitled to the reliefs requested in paragraph 1.

## AFFIRMATIVE DEFENSES

1. Claimant did not have the *mens rea* required by 31 U.S.C. § 5317(a)(1)(A) or specified by 31 U.S.C. § 5324(c)(1), thus, Plaintiff's asserted right to forfeiture under 31 U.S.C.. § 5317(c)(2) was not triggered as alleged.

2. The Plaintiff's attempt to forfeit the entire amount in issue is contrary to the Excessive Fines Claus of the Eighth Ammendment. A violation of the Clause requires the Court to immediately remit the defendant property to the Claimants. *United States v. Hosep Krikor Bajakajian*, 118 S. Ct. 2028 (1998).

3. The Defendant in rem property is not, nor is it traceable to, the proceeds of any criminal offense.

4. The offense, if any, was solely one of reporting; the violation was unrelated to any other illegal activities; the claimant does not fit into the class of persons (money launderers, drug traffickers, tax evaders, etc.) for whom the statute was principally designed, and the harm caused by the defendant's action—depriving the government of information was minimal.

5. The Complaint fails to state a cause of action.

6. The arrest and investigation of the res seized violated Claimants' fourth amendment rights under the United States Constitution because the search and seizure was not based upon probable cause.

7. The forfeiture statute in this case and the implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution, for the following reasons:
(a) The forfeiture statutes provide for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorizing by a judicial officer;
(b) The forfeiture statutes provide for the forfeiture of property from parties who are completely innocent of any criminal wrongdoing. These sections penalize ownership of the Defendant property regardless of the existence or nonexistence of any criminal intent.

8. Forfeiture of the res seized would violate Claimants' eighth amendment rights under the United States Constitution.

9. Forfeiture of the res seized would violate Claimants' rights under the 18 U.S.C. §983(g).

WHEREFORE, the Claimant, Micheli Miceli, respectfully requested the Court to dismiss this cause of action; to order the immediate remission of the defendant property to Claimant; to award reasonable attorneys fees and other litigation costs pursuant to 28 U.S.C. § 2465(b)(1)(A); and to award pre-judgment interest pursuant to 28 U.S.C. § 2465(b)(1)(C).

WHEREFORE, the Claimants demand a trial by jury.

Respectfully Submitted,
LAW OFFICE OF FERDINANDO M. PUGLIESE
503 Washington Avenue
Kenilworth, New Jersey 07033
Phone: (908) 272-8666
Fax: (908) 272-3716
BY:

FERDINANDO M. PUGLIESE
Attorney in Charge
*Pro Hac Vice*
028031995 (N.J.)
FP 7020 (DCNJ)
ATTORNEY FOR CLAIMANT
MICHELI MICELI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of JUNE, 2010, a true and correct copy of the foregoing *Answer of Micheli Miceli to Complaint of Forfeiture In Rem* and attached Affidavit of Micheli Miceli was sent to the following parties by regular mail and fax transmission.

Albert Ratliff
Assistant U.S. Attorney
P.O. Box 61129
Houston, Texas 77208-1129
Fax No. (713) 718-3300
Attorney for United States, Plaintiff

FERDINANDO M. PUGLIESE

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVSION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| Plaintiff, : | CIVIL ACTION NO. 4:10-CV-01378 |
| vs. : | |
| $50,203.00 IN U.S. CURRENCY : | |
| Defendant. : | |

### AFFIDAVIT OF MICHELI MICELI

I have reviewed the Answer to the Verified Complaint for Forfeiture In Rem on my behalf, and solemnly swear that its contents are based on my personal knowledge, where applicable; and are true and correct.

_____
Micheli Miceli

STATE OF NEW JERSEY    §
COUNTY OF UNION        §

Subscribed and sworn to before me this ____ day of June, 2010, by MICHELI MICELI, known to me as witnessed by my hand and official seal of office.

_____
FERDINANDO M. PUGLIESE
ATTORNEY AT LAW,
STATE OF NEW JERSEY